COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


CHARLES HERSHFIELD
                                    MEMORANDUM OPINION* BY
v.        Record No. 0628-98-2      JUDGE JERE M. H. WILLIS, JR.
                                         JANUARY 19, 1999
TOWN OF COLONIAL BEACH
AND
STATE BUILDING CODE TECHNICAL REVIEW BOARD


            FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
                   Joseph E. Spruill, Jr., Judge

            (Charles Hershfield, pro se).  Appellant
            submitting on briefs.

            John E. Tyler, Jr., Town Attorney, for
            appellee Town of Colonial Beach.

            John B. Purcell, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General;
            Richard B. Zorn, Senior Assistant Attorney
            General, on brief), for appellee State
            Building Code Technical Review Board.


     Charles Hershfield contends that the trial court erred in

refusing to accept jurisdiction over his appeal from the decision

of the State Building Code Technical Review Board.  We disagree

and affirm the judgment of the trial court.

     On April 6, 1996, the Town of Colonial Beach notified

Hershfield that his house violated several building code

requirements.  Hershfield appealed those determinations to the

Colonial Beach Board of Building Code Appeals, and then to the

State Building Code Technical Review Board ("the Board").  The

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Board reversed some of the determinations and upheld others.  The Board's order was sent to Hershfield on May 23, 1997, by certified mail to his last known address.

On July 26, 1997, Hershfield filed a notice of appeal to the trial court.  The Town of Colonial Beach and the Board filed special pleas challenging the trial court's jurisdiction.  The trial court sustained those pleas, holding that it lacked jurisdiction because Hershfield's notice of appeal was filed untimely.[1]

> Rule 2A:2 states, in relevant part:
>        Any party appealing from a . . . case decision shall file, within 30 days after adoption of the regulation or after service of the final order in the case decision, with the agency secretary a notice of appeal signed by him or his counsel.  In the event that service of a case decision upon a party is accomplished by mail, 3 days shall be added to the 30-day period.  Service under this Rule shall be consistent with [Code] § 9-6.14:14 and, if made by mail, shall be sufficient if sent by registered or certified mail to the party's last address known to the agency.

Hershfield contends that the thirty days within which he was required to file his notice of appeal began to run when he received the final order from the Board.  He argues that he received the order on June 26, 1997, and had thirty days from that date, or until July 26, 1997, in which to file his notice of

[1]Hershfield also assigns error to the trial court's denial of his motion to quash the town's letter of violations for due process concerns.  We do not reach that issue because the trial court lacked jurisdiction over the matter.

appeal.  Nothing in the language of Rule 2A:2 supports Hershfield's argument.  The rule provided him thirty days plus three days from the mailing of the order to him.  Thus, the deadline for filing his notice of appeal was June 25, 1997, thirty-three days after the service of the final order by mailing.  The trial court correctly declined jurisdiction, because Hershfield's notice of appeal was not filed timely.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>